UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BOYER,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. CV 08-6265 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Dana Boyer filed this action on October 2, 2008. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on October 28 and November 13, 2008. (Dkt. Nos. 8-9.) On May 11 and 20, 2009, the Commissioner filed the certified administrative record and supplemental certified administrative record (collectively, "AR"). (Dkt. Nos. 15-16.) On July 14, 2009, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. (Dkt. No. 20.) The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the Commissioner's decision.

///

# I.
# **PROCEDURAL BACKGROUND**

On September 29, 2006, Boyer filed an application for Supplemental Security Income benefits alleging an amended disability onset date of September 29, 2006. AR 8, 34-35. The application was denied initially and upon reconsideration. *Id.* An Administrative Law Judge ("ALJ") conducted a hearing on November 21, 2007, at which Boyer and a vocational expert testified. AR 13-37. On November 30, 2007, the ALJ issued a decision denying benefits. AR 8-12. On July 25, 2008, the Appeals Council denied Boyer's request for review. AR 1-3. This lawsuit followed.

# II.
# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

Boyer has the following severe impairment: chronic pain. AR 11. He "has the residual functional capacity to perform medium work with no climbing of ropes/ladders/scaffolds and with avoidance of working at unprotected heights or around dangerous moving machinery." AR 11-12. Boyer "does not have a medically determinable mental impairment." Boyer is unable to perform his past relevant work. However, Boyer can perform jobs that exist in significant numbers in the national economy, such as hand-packager, assembler, and sorter. AR 12.

## C. Mental Impairment

Boyer makes two related arguments, first that the ALJ erred at Step Two in his determination that Plaintiff does not have a severe mental impairment, and, second, that the ALJ erred by failing to consider a psychological report from 2004.

At Step Two of the sequential analysis, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). To satisfy the duration requirement, the severe impairment must have lasted or be expected to last for a continuous period of not less than 12 months. *Id.* at 140.

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908. "[T]he impairment must be one that 'significantly limits your physical or mental ability to do basic work activities.'"[1] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *Smolen*, 80 F.3d at 1290 ("[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities.") (citation and internal quotation marks omitted).

"An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step Two is "a *de minimis* screening device [used] to dispose of groundless claims" and the ALJ's finding must be "'clearly established by medical evidence.'" *Id.* at 687 (citations and quotation marks omitted, emphasis added).

At Step Two, the ALJ found that Boyer did not have a severe mental impairment based on Dr. Yang's psychiatric evaluation of January 17, 2007. AR 10. Boyer told Yang that he had been depressed since his work-related back

---

[1] The ability to do basic work activities includes "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," "capacities for seeing, hearing, and speaking," "understanding, carrying out, and remembering simple instructions," "use of judgment," "responding appropriately to supervision, co-workers, and usual work situations," and "dealing with changes in a routine work setting." *Yuckert*, 482 U.S. at 168 n.6 (internal quotations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

injury in 2002. AR 246. Boyer told Yang that he had never seen a psychiatrist, been treated for a mental impairment, or taken any medications for a mental impairment.[2] AR 247. There were no psychiatric records for Yang to review. *Id.* Boyer's mental status examination "revealed no evidence of cognitive deficits, perceptual disturbances or delusional disorders." AR 249; *see* AR 248. Yang assessed no work limitations. *Id.* Yang diagnosed Boyer with adjustment disorder, anxious. AR 248.

Dr. Dudley completed a Psychiatric Review Technique on February 1, 2007, apparently reviewing the findings of Dr. Yang. AR 251-62. Dudley concluded that Boyer had no severe impairment. AR 251. Dudley found only mild limitations in the three areas of activities of daily living, social functioning, and concentration, persistence or pace, and no episodes of decompensation.. AR 259.

The Yang and Dudley opinions support a finding that Boyer does not have a severe mental impairment. *See* 20 C.F.R. § 404.1520a(d)(1). As an examining physician's opinion based on independent clinical findings, Dr. Yang's opinion constitutes substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). A non-examining physician's opinion constitutes substantial evidence when, as here, it is supported by other evidence in the record and consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Boyer contends that the ALJ failed to take into account a report from a psychologist (Greenspan) dated January 7, 2004, based on Boyer's Self Evaluation Questionnaire in connection with workers compensation proceedings. JS 3 (citing AR 215); AR 204.[3] Greenspan diagnosed Boyer with major

---

[2] Boyer smokes marijuana for his physical pain. AR 10, 247.

[3] The pages of Greenspan's report are scattered in Exhibit 1F. The pagination may indicate that the report is not complete. It starts on page 7. AR 204. Pages 10, 19, and 22-24 appear to be missing.

5

depressive disorder - single severe episode with anxiety features, and assessed a Global Assessment of Functioning (GAF) rating of 45. AR 215-216. Greenspan did not assess work limitations.

The ALJ did not err in failing to discuss a report prepared two and a half years before the alleged onset date of September 29, 2006. *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (finding that ALJ failure to discuss report was not error because "ALJ is not required to discuss evidence that is neither significant nor probative"); *Burkhart v. Bowen*, 856 F.2d 1335, 1339 n.1 (9th Cir. 1988) (evidence prior to alleged onset date is properly rejected). Nor did the ALJ err in not discussing Greenspan's GAF score of 45. A GAF is not determinative of mental disability for social security purposes. *See* 65 Fed. Reg. 50746, 50764-50765 (August 21, 2000) ("[The GAF scale] does not have a direct correlation to the severity requirements in our mental disorder listings."). A failure to reference a GAF score, standing alone, does not undermine the ALJ's findings. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) (rejecting argument that ALJ erred in failing to mention GAF score).[4]

Moreover, Greenspan's report is based entirely on Boyer's Self Evaluation Questionnaire. AR 204-217. The ALJ found Boyer not credible (a finding that Boyer does not challenge), and did not give weight to his testimony. AR 10. Therefore, it is not surprising that the ALJ disregarded a report based entirely on Boyer's own accounts of his symptoms.[5] *Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1464 (9th Cir. 1995). Any error is harmless as no reasonable ALJ would have concluded that Boyer has a severe mental

---

[4] *See also McFarland v. Astrue*, 288 Fed. Appx. 357, 359 (9th Cir. 2008).

[5] Boyer's argument that Greenspan's report is "probative . . . because it indicates a *longitudinal* history of Plaintiff's mental impairment" is not supported by any medical records. JS 6 (emphasis added); *see Holohan v. Massanari*, 246 F.3d 1195, 1203 n.2 (9th Cir. 2001); 20 C.F.R. § 404.1527(d)(2)(i). There are no medical records prior to or after Greenspan's report on January 7, 2004, until Dr. Yang's report in 2007.

impairment based on Greenspan's report. *See Stout v. Commissioner,* 454 F.3d 1050, 1055-56 (9th Cir. 2006).

### D. Dr. Granados' Opinion

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn*, 495 F.3d at 631. When, as here, a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations and quotations omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

On August 10, 2007, in a Disability Statement form, Dr. Granados diagnosed Boyer with lumbar strain, spondylolisthesis, and radiculopathy. AR 276. Granados checked the statement: "Patient is disabled greater than one (1) year." *Id.* There is nothing else of substance on the form. There are no reasons for the diagnosis or the disability finding. There are no records of treatment.

Boyer's argument that the ALJ "failed to provide specific and legitimate reasons" for rejecting Granados' report is without merit.[6] JS 11.

The ALJ gave no weight to Granados' report because (1) it was unsupported by any objective findings, (2) Granados saw Boyer only once, and (3) "it appears that he merely repeated claims made by the claimant without any independent judgment." AR 10.

---

[6] Based on the absence of any treating records, it is not clear whether Granados treated Boyer or even examined him. *See* 20 C.F.R. § 416.927(d)(2)(i).

7

The ALJ may properly discount a treating physician's opinion that is not supported by treatment records. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Thomas*, 278 F.3d at 957 (ALJ need not accept treating physician's opinion that is conclusory and inadequately supported by clinical findings). The ALJ noted that there "is absolutely no record of any treatment [other than Granados' report]."[7] AR 9.

In the Disability Statement, Granados does not cite any objective tests to support his assessment. *See Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ did not err in rejecting treating physician opinion unsupported by objective medical findings); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ may reject check-off reports that did not contain explanation of bases of the conclusions). "[T]he mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir 1993). A claimant must show that he is precluded from engaging in substantial gainful activity by reason of his impairments. *Id.* (citing 42 U.S.C. § 423(d)(1)(A)).

In addition, the ALJ noted that Granados saw Boyer only once, a legitimate reason for discounting a physician's report. AR 10; *see* 20 C.F.R. § 416.927(d)(2)(i); *see Murray v. Heckler*, 722 F.2d 499, 501-02 (9th Cir. 1983) (ALJ erred by giving greater weight to a physician who saw claimant only once rather than a physician who treated claimant multiple times). The justification for giving a treating physician more weight based on having the opportunity to know and observe the patient as an individual is significantly reduced when the treating physician has seen the patient only once.

---

[7] The Court assumes the ALJ meant any treatment since the disability onset date.

8

The ALJ did not err in rejecting Granados' report.[8]

### E. Incomplete Hypothetical

The ALJ may rely on testimony a vocational expert gives in response to a hypothetical that describes "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss*, 427 F.3d at 1217-18. The ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

Boyer's argument that the ALJ should have included his mental impairment diagnosis, symptoms, and limitations in the hypothetical posed to the VE is without merit. The ALJ was not required to include limitations that were not part of his findings.

### ORDER

IT IS HEREBY ORDERED that the Commissioner's decision is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: September 3, 2009

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[8] Dr. Feeley, an orthopedist, examined Boyer on January 13, 2007. AR 279-82. Feeley diagnosed cervical strain/sprain. AR 281. Boyer had "normal posture in static stance," he was able to rise on his toes or heels without difficulty, had a normal gait pattern, and had no limp. AR 280. Feeley was unable to provide a functional assessment because of Boyer's noncompliance. AR 281. Boyer's range of motion was "globally limited." AR 281. Boyer refused a thoracolumbar spine examination. *Id.* Boyer refused a straight leg raise examination. *Id.* He refused extremities and joints examination. *Id.* Overall, Feeley found that it was "difficult to obtain any sort of physical examination, as he was noncompliant secondary to pain." AR 280. Feeley found that Boyer's pain was "out of proportion to any common physical examination findings." AR 281.
The ALJ relied on the functional assessment by medical consultants in February 2007, which stated Boyer could perform medium exertion. AR 9, 263-68.